Colcock, J.
In this case we concur with the presiding Judge in the view which he has taken, both of the-law and of the facts. No doubt can exist as to the object of the law; but whilst the Legislature was affording to the citizens of the country a shield to protect them from the imposition of ferry-owners, they could not intend, that it should be converted into an engine by which the citizen might injure these public agents. We do not hear of any objections made by the defendant in his frequent passings over this ferry, of the want of information as to the rates of ferriage. Had he made this a ground of objection at first, can it be doubted that the ferryman would have complied with the act? The presumption, on which the Judge and' the jury have relied, is an irresistible one, that there was a private contract between the parties, and that the defendant obtained a credit; and in relation to these points, there can be but one opinion of the verdict. What would be the conduct of a person who considered himself aggrieved by a violation of the act, in not putting up the rates of toll? Would he not immediately complain; and particularly if he was compelled to cross the ferry frequently ? Had the defendant done so, and relied on the protection the law afforded him, he might have refused to pay; and he then could not have been compelled to- do so. In the case of Frazier v. Drayton, 2 N. & M. 471, the rates had been put up, aud therefore the plaintiff was not put to the necessity of relying on either presumption, or direct proof of a con *434 tract to pass on credit. But in that case the Court did not rely 1 on that fact alone ; and if there had been no proof that the rate* ^ac* been Put UP’ tbe decision would have been the same.
Again: What is meant by admitting the account? or, why was it admitted? I take it, that by admitting the account, the defendant admitted the services had been performed, and that the charges were made according to law. This is giving up the case; for after a verdict by which justice has been obviously advanced, I would never set it aside upon a mere legal objection, which can be avoided by any rational presumption. And why the account was admitted I think is obvious: some explanatory evidence might have been given, if witnesses, or any witness had been called to prove it. The motion must therefore be dismissed.